IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD MARTIN BREWER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 18-CV-326-JED-FHM ) |
| RAYMOND BYRD, Warden,[1] | ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Harold Martin Brewer's 28 U.S.C. § 2254 habeas corpus petition (Doc. 1). Also before the Court is Brewer's motion for leave to proceed *in forma pauperis* (Doc. 3). After reviewing the matter *sua sponte* under Habeas Corpus Rule 4, the Court will deny the motion and direct Brewer to show cause why the Federal Court should not abstain from this action while his state habeas appeal is pending.

**I. Background**

Brewer challenges his convictions for murder and the felonious pointing of a firearm in Tulsa County District Court, Case No. CF-2014-3984. Doc. 1 at 1. A jury convicted Brewer of those charges on March 7, 2016. *See* Signed Verdicts in Case No. CF-2014-3984.[2] He appealed the conviction, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed on November 16,

---

[1] Petitioner is incarcerated at Cimarron Correctional Facility (CCF) in Cushing, Oklahoma. Dkt. 1 at 1. Raymond Byrd, the warden of CCF, is therefore substituted in place of Joe M. Allbaugh as party respondent. *See* Habeas Corpus Rule 2(a). The Clerk of Court shall note the substitution on the record.

[2] The Court took judicial notice of the state criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

2017.  Doc. 1 at 2; Mandate in Case No. CF-2014-3984.

On April 9, 2018, Brewer filed an application for post-conviction relief in the state court. Doc. 1 at 3; Application in Case No. CF-14-3984. The state court denied the application on April 16, 2018, and Brewer again appealed. Doc. 1 at 6; Notice of post-conviction appeal in Case No. CF-14-3984. The state habeas appeal is still pending before the OCCA. Doc. 1 at 6, 8; Docket sheet in Case No. CF-14-3984.

Brewer filed the § 2254 petition (Doc. 1) on June 21, 2018. He alleges trial counsel rendered ineffective assistance and that the state court improperly admitted certain incriminating statements into evidence. Doc. 1 at 5, 7. Brewer also filed a motion for leave to proceed *in forma pauperis* (Doc. 3).

## I. *In Forma Pauperis* Motion

As an initial matter, Brewer seeks to prosecute his 28 U.S.C. § 2254 habeas petition without prepaying the $5.00 filing fee. Doc. 3. Pursuant to 28 U.S.C. § 1915(a)(1), the Court may only grant such relief where an inmate's "affidavit [and] … statement of … assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." Brewer does not qualify to proceed *in forma pauperis* under that standard. His affidavit reflects he has $210.39 in his draw account and $54.92 in savings. Doc. 3 at 1, 5-6. The Court will therefore deny the motion and require Brewer to pay the $5.00 filing fee by **September 6, 2018** or show cause for his failure to comply.

## II. Initial Review of Habeas Petition

Brewer's petition is governed by Habeas Corpus Rule 4[3] and 28 U.S.C. § 2254. Habeas

---

[3] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010.

Corpus Rule 4 requires a *sua sponte* review of § 2254 petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. The initial review can include an analysis of jurisdiction, as "courts have an independent obligation to address their own subject-matter jurisdiction." *City of Albuquerque v. Soto Enterprises, Inc.,* 864 F.3d 1089, 1093 (10th Cir. 2017).

Although Brewer may have exhausted his state remedies by presenting the claims to the OCCA, he has a state habeas appeal pending in the Tulsa County District Court, CF-2014-3984. The pending appeal could "result in reversal of the conviction, mooting the federal case," *Allen v. Friel*, 2007 WL 128967, at * 1 (D. Utah Jan. 11, 2007) (quotations omitted), and the outcome of the federal proceedings could likewise color the appeal process. The concurrent proceedings therefore trigger a jurisdictional analysis under *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction "when [the] federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) affords an adequate opportunity to raise the federal claims." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir.1999). The doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amantullah v. Colorado Bd. of Med. Exam'r*, 187 F.3d 1160, 1163 (10th Cir. 1999).

All three conditions appear to be met in this case. There is an ongoing state habeas appeal; the OCCA provides an adequate forum to address alleged errors in the criminal trial; and

the state has an important interest in reviewing the constitutionality of Brewer's conviction and sentence. *See Fisher v. Whetsel*, 142 Fed. App'x 337, 339 (10th Cir. July 20, 2005) (noting that a state's "important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic") (unpublished);[4] *Wiltse v. Smith,* 2018 WL 1517176 (D.N.M. March 27, 2018) (applying *Younger* abstention under identical circumstances); *Sampson v. Oklahoma,* 2018 WL 2670404 (W.D. Okla. May 5, 2018) (abstaining from a § 2254 proceeding under *Younger* where the petitioner was prosecuting an ongoing state habeas proceeding).

Brewer's desire to litigate his claims here, versus completing the appellate process, does not constitute an extraordinary circumstance warranting an exception to the *Younger* doctrine. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982) ("So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain."); *Phelps*, 122 F.3d at 889 (noting that "[i]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment"). And, to the extent Brewer is eager ensure his federal filing is timely, the Court notes that the one-year limitation period for filing a § 2254 petition is tolled during the pendency of his state habeas proceeding. *See* 28 U.S.C. § 2244(d)(2).

The Court will therefore require Brewer to show cause in writing by September 6, 2018 why his § 2254 petition should not be dismissed under the *Younger* abstention doctrine. The dismissal would be without prejudice to refiling the § 2254 petition if the appeal is unsuccessful.

---

[4] The Court cites this decision as persuasive authority. *See* FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Clerk of Court shall note the substitution of Raymond Byrd, Warden, in place of Joe Allbaugh, Warden, as party respondent.

2. The motion for leave to proceed *in forma pauperis* (Doc. 3) is **denied.**

3. No later than **September 6, 2018,** Brewer shall:

    (a) Pay the $5.00 filing fee or show cause for his failure to comply; and

    (b) Show cause in writing why his § 2254 petition (Doc. 1) should not be dismissed without prejudice under the *Younger* abstention doctrine, in light of his pending appeal.

5. The failure to timely comply with this Order will result in dismissal of the § 2254 petition without prejudice and without further notice.

ORDERED this 9th day of August, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE